```
                    UNITED STATES BANKRUPTCY COURT
                 FOR THE NORTHERN DISTRICT OF IOWA


IN RE:                             )
                                   )  Chapter 11
GILBERTSON RESTAURANTS, LLC,       )
et al.                             )
                                   )  Bankruptcy No. 04-00385
     Debtors.                      )              04-00384
                                   )              04-00386
_____    )              04-00387
                                   )
FL RECEIVABLES TRUST 2002-A        )
                                   )  Adversary No. 04-9061
     Plaintiff,                    )
                                   )
vs.                                )
                                   )
GILBERTSON RESTAURANTS, LLC,       )
et al.                             )
                                   )
     Defendants.                   )
```

**ORDER RE: MOTION FOR SANCTIONS**

This matter came before the undersigned on February 24, 2005 on Burger King Corporation's Motion for Sanctions. Burger King Corporation was represented by attorneys Mike Joblove, Paul Bautista and Don Nieman. Plaintiff FL Receivables Trust 2002-A ("FL Trust") was represented by attorneys Chris Graham and Larry Gutz. After the presentation of evidence and argument, the Court took the matter under advisement. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

**STATEMENT OF THE CASE**

Burger King Corp. moves for sanctions against FL Trust for improperly naming Burger King as a defendant in this adversary proceeding. FL Trust argues the motion is procedurally defective and substantively not supported by the law or facts.

Gilbertson Restaurants, LLC, et al filed for Chapter 11 protection. Pre-petition, FL Trust made loans to several Burger King franchises, including Debtors. In fact, FL Trust is the largest creditor in these Chapter 11 bankruptcies. Further background is set out in the Court's order of dismissal. It is sufficient to note that issues arising in these Chapter 11 cases have been heavily litigated. This adversary arises out of the

Gilbertson Restaurants' Chapter 11 proceedings and is but one component of the overall course of litigation in these cases.

By Order entered October 12, 2004, the Court granted Burger King's Motion to Dismiss for lack of subject matter jurisdiction or an actual controversy. The Order further gave Burger King the option to seek Rule 9011 sanctions against FL Trust. On November 2, 2004, the B.A.P. dismissed as interlocutory FL Trust's appeal of the dismissal order.

Burger King now seeks sanctions pursuant to § 105(a), 28 U.S.C. § 1927, Rule 9011 and the inherent authority of this Court. It asserts FL Trust should be sanctioned for filing a frivolous lawsuit against Burger King. It argues the sole purpose for FL Trust's actions was to drive up the costs of the proceedings and abuse the bankruptcy process.

FL Trust resists the Motion for Sanctions. It asserts the allegations in its complaint against Burger King were objectively reasonable. FL Trust objects that the Court gave Burger King leave to seek sanctions pursuant to only Rule 9011, not the other provisions Burger King cites. It argues the Motion for Sanctions is improper because it violates the "safe harbor" requirement of Rule 9011(c)(1)(A). It further argues that sanctions under § 1927 apply only to counsel, not to FL Trust itself.

**CONCLUSIONS OF LAW**

Burger King asserts the Court has the power to sanction FL Trust under 1) section 105(a) of the Bankruptcy Code, 2) 28 U.S.C. § 1927, 3) Rule 9011, and 4) its inherent authority. The Eighth Circuit has stated that the bankruptcy court has ample alternative authority to sanction a party under these sections. In re Clark, 223 F.3d 859, 864 (8th Cir. 2000).

> Section 105 gives to bankruptcy courts the broad power to implement the provisions of the bankruptcy code and to prevent an abuse of the bankruptcy process, which includes the power to sanction counsel. This provision has been interpreted as supporting the inherent authority of the bankruptcy courts to impose civil sanctions for abuses of the bankruptcy process.

Id. (citations omitted). Imposing sanctions is a matter of discretion. In re Kujawa, 270 F.3d 578, 582 (8th Cir. 2001). "Judicial discretion is the responsible exercise of official conscience on all the facts of a particular situation, taking

into consideration the purpose of the exercised power." Wright v. Sargent, 869 F.2d 1175, 1176 (8th Cir. 1989) (citations omitted).

Section 1927 warrants sanctions when an attorney's conduct "viewed objectively, manifests either intentional or reckless disregard of the attorney's duties to the court." Tenkku v. Normandy Bank, 348 F.3d 737, 743 (8th Cir. 2003). Section 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C.A. § 1927. This section only authorizes an award against attorneys, not against their clients. Kansas Pub. Employees Ret. Sys. v. Reimer & Koger Assoc., 165 F.3d 627, 630 (8th Cir. 1999).

A sanction under Rule 9011 is warranted if a party's pleading is not well grounded in fact nor by existing law or a good faith argument for an extension, modification, or reversal of the existing law. In re Russ, 187 F.3d 978, 981 (8th Cir. 1999); Fed. R. Bankr. P. 9011(b). The bankruptcy court has the discretion and jurisdiction under Bankruptcy Rule 9011 to assess attorney's fees as sanctions against a party who fails to comply with the rule. Clark, 223 F.3d at 864.

The established standard for imposing sanctions is an objective determination of whether a party's conduct was reasonable under the circumstances. In re Mahendra, 131 F.3d 750, 759 (8th Cir. 1997) (noting cases interpreting Rule 11 are applicable to Rule 9011 cases). Improperly naming a party in a suit justifies Rule 11 sanctions when "joining the party [is] baseless or lacking in plausibility." Black Hills Inst. of Geological Research v. South Dakota Sch. of Mines and Tech., 12 F.3d 737, 745 (8th Cir. 1993). Rule 11 is violated when a party invokes the jurisdiction of the federal courts without justification. Charland v. Little Six, Inc., 112 F. Supp. 2d 858, 862 (D. Minn. 2000).

3

**COMMENTS**

As explained in the conclusions of law, there are numerous ways in which a court is authorized to impose sanctions against counsel, a party or both.  FL Trust has interposed arguments why none of the methods should apply in this case.  The Court elects not to become entangled in the technical arguments.  It is sufficient, for the purposes of this ruling, to state that if the facts establish that sanctions are warranted, the legal mechanism to support those sanctions exists in the law.  Rather than extend this ruling through an extensive examination of the minutia of the methodologies, the Court chooses rather to focus on the real issue here, the conduct of those involved in this bankruptcy.

The Chapter 11 process functions best when based upon compromise.  It is intended to provide a process for negotiations between debtors and creditors, for working out disputes for the benefit of both the debtor and the entire creditor body.  It is not intended to be an arena for exercising "issue-spotting" techniques and litigating each and every possible legal issue that can be drawn from a case.  While certain litigation is inevitable, a common sense approach adopting an ability to compromise is more beneficial to all involved.  There is reason to conclude that not everyone involved in this bankruptcy case has, to date, displayed a willingness to operate in that manner.

The Court is disappointed with the level of animosity exhibited in Debtors' bankruptcy cases and this adversary proceeding.  The Court admits to some frustration that FL Trust has chosen to be this litigious.  FL Trust has been unabashedly adversarial against Debtors and Burger King.  Debtors and Burger King have begun responding in kind.  The record is replete with examples of this animosity.

Debtors filed their Chapter 11 petitions in February 2004. The record contains documents which establish that a representative of FL Trust stated in a June 2003 meeting that it would accept nothing less than 100 cents on the dollar, or payment in full immediately.  He stated he considered FL Trust's loans with several Burger King franchisees in the Midwest, including Debtors, to be "all crap."  He threatened to tear down the Burger King sites and turn them into used car lots. Finally, FL Trust's representative stated he would create a hole in the Midwest "like a doughnut" where there would be no Burger Kings whatever.

4

The Court must determine whether FL Trust's actions throughout this case are merely an imitation of the fictional "workout artiste" Harry Zale[1] without intent to pursue the hyperbole.  Alternatively, the Court must consider whether the course of litigation in these cases is intended by FL Trust to be a method of using its financial power to make the costs of reorganization unmanageable for Debtor.  Based on the amount and intensity of litigation, an objective observer might well conclude that the earlier comments were not idle threats.

The Court, however, also recognizes that the courts are established for the benefit of litigants and all parties should ordinarily be presumed to be acting in good faith and for a legitimate purpose.  Sanctions imposed too readily can have an undesired chilling effect on legitimate litigation.  In determining the appropriateness of sanctions, the Court must often balance the desirability of access against potential use of the courts for inappropriate purposes.  It is this Court's feeling that sanctions should be imposed only after all other approaches have been explored and proven unsuccessful.

In balancing all of the foregoing, the Court concludes, in its discretion, that sanctions should not be imposed.  The Court encourages the parties to carefully evaluate the legitimacy and purpose of their conduct, attempt to communicate more appropriately with each other, and operate in such a manner that the principles and objectives of Chapter 11 of the Bankruptcy Code are furthered.  The Court strongly urges FL Trust, as well as all the other parties involved, to consider these comments in their future relationships.

**WHEREFORE**, Burger King Corporation's Motion for Sanctions is DENIED.

Dated and Entered: April 26, 2005

_____
PAUL J. KILBURG
CHIEF BANKRUPTCY JUDGE

---

[1] Tom Wolfe, <u>A Man in Full</u> 34-58 (1998).